IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-HC-2225-FL

| | | |
|---|---|---|
| NORMAN FELTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal civil detainee proceeding pro se, petitions this court for a writ of habeas corpus under 28 U.S.C. § 2241.[1] This matter is before the court on respondent's motion to dismiss (DE 10) under Federal Rule of Civil Procedure 12(b)(6). Petitioner responded in opposition. Also before the court are petitioner's renewed motion to appoint counsel (DE 21) and self-styled "motion to grant the writ of habeas corpus" (DE 19). In this posture, the issues raised are ripe for ruling.

**STATEMENT OF THE CASE**

Petitioner is a civil detainee under the Adam Walsh Act, 18 U.S.C. § 4248, which permits civil commitment of individuals determined to be sexually dangerous to others. Petitioner challenges his commitment under the Act and resulting detention at the Federal Medical Center in Butner, North Carolina.

---

[1] Petitioner purports to seek habeas relief under 18 U.S.C. § 4247(g), which does not preclude a civilly committed person from seeking habeas review. See 18 U.S.C. § 4247(g). The court construes the petition as one brought under 28 U.S.C. § 2241 to challenge the fact of petitioner's custody. See Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010); see also Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973).

A. Civil Commitment Proceedings

In the underlying civil commitment matter, the federal government began proceedings against petitioner[2] by filing certificate of a sexually dangerous person on May 20, 2021. Commitment Order, DE 56, United States v. Felts, No. 5:21-HC-2111-FL, at 1 (E.D.N.C. Sept. 16, 2022). At the time, petitioner was serving 120 months' imprisonment for possession of child pornography. Id. The court held a two-day civil commitment hearing on August 17, 2022. Id. at 1-2. After the hearing, the court found by clear and convincing evidence that petitioner is a sexually dangerous person and ordered his commitment to the custody of the Attorney General for care and treatment under 18 U.S.C. § 4248(d). Id. at 29. At that time, petitioner did not seek direct appeal.

Petitioner filed motion for substitution of counsel October 17, 2022. In that motion, petitioner argued that he had not heard from his court-appointed counsel since the civil commitment hearing, and that counsel's representation of petitioner "was totally worthless." Mt. Sub. Counsel, DE 58, Felts, No. 5:21-HC-2111-FL, at 2 (E.D.N.C. Oct. 17, 2022). The court referred this motion to a magistrate judge, who denied the motion as moot February 13, 2023, after petitioner and his counsel confirmed the issues were resolved at hearing on the motion.

On December 12, 2022, petitioner filed motion for reconsideration of the civil commitment order. In his motion for reconsideration, petitioner argued: 1) the prosecutor stated at commitment hearing that respondent had testified at deposition that he had a family member live to be 104 years old which was untrue; 2) one of the government's testifying experts issued a

[2] Petitioner is referred to as "respondent" in the civil commitment action, with the government as the petitioner in those proceedings. In the context of the instant habeas proceeding, however, the court uses "petitioner" given the procedural context.

defective expert report by opining to "a reasonable degree of professional certainty," rather than to a "clear and convincing" standard; 3) another testifying expert improperly used petitioner's actions from 30 years ago to support his sexual dangerousness; 4) the court relied on an expert report prepared by petitioner's expert witness, even though that expert did not testify at hearing; and 5) one of petitioner's expert witnesses arbitrarily determined he was sexually dangerous to appear more credible with the court. Mt. Reconsid., DE 61, Felts, No. 5:21-HC-2111-FL, at 4-14 (E.D.N.C. Dec. 12, 2022). The court denied petitioner's motion to reconsider January 19, 2023.

On March 27, 2023, petitioner filed notice of appeal regarding the court's September 16, 2022, commitment order. Petitioner's notice acknowledged that his filing was untimely but argued that it should be accepted because petitioner had been "completely abandoned" by counsel. Notice of Appeal, DE 79, Felts, No. 5:21-HC-2111-FL, at 2 (E.D.N.C. Mar. 27, 2023). On June 20, 2024, the United States Court of Appeals for the Fourth Circuit dismissed petitioner's appeal as untimely. United States v. Felts, No. 23-6894, 2024 WL 4234494, at *1 (4th Cir. June 20, 2024). Petitioner then filed writ of certiorari with the Supreme Court of the United States, which was denied November 12, 2024. Felts v. United States, No. 24-5549, 145 S.Ct. 556 (Nov. 12, 2024).

While petitioner's appeal was ongoing, he also filed writ of mandamus with the Fourth Circuit May 9, 2023, seeking order directing this court to permit late appeal of order finding that he is a sexually dangerous person and committing him to the custody of the Attorney General. That petition was denied October 6, 2023. In re Felts, No. 23-1501, 2023 WL 6532666, at *1 (4th Cir. Oct. 6, 2023).

On October 29, 2024, petitioner then filed motion for review hearing on his civil commitment under 18 U.S.C. § 4247(h). After a period of discovery, the court held a two-day hearing December 15, 2025. Due to scheduling conflicts with other matters before the court, the hearing was then continued until March 30, 2026. Additional scheduling conflicts led to another continuance, and an emergency motion filed by counsel for the government led to still another continuance. The review hearing is set to conclude October 27, 2026.

B. Instant Habeas Proceeding

Petitioner filed this § 2241 petition December 9, 2024. (DE 1). On December 13, 2024, the court directed petitioner to file amended petition correcting deficiencies in his original filing. After petitioner filed amended petition January 24, 2025, (DE 4), the court allowed the matter to proceed. Petitioner challenges his civil commitment under 18 U.S.C. § 4248(a) based on ineffective assistance of counsel.[3] (Amend. Pet. (DE 4) at 2-8).

On September 4, 2025, respondent filed the instant motion to dismiss, supported by memorandum of law. Petitioner responded in opposition.

**COURT'S DISCUSSION**

A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[4] "Factual allegations must be enough to raise a right to relief

[3] Broadly construed, the petition and later filings could also be read to challenge annual reports filed concerning petitioner under the Adam Walsh Act and cell searches that petitioner characterizes as unreasonable, petitioner expressly abandons these claims in his response opposing the government's motion to dismiss. (See Resp. (DE 19) at 4).

[4] Internal citations and quotation marks are omitted from citations in this order unless otherwise specified.

above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[The] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Similarly, a motion to dismiss a § 2241 petition "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the § [2241] petitioner to be true." See Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009); see also Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). In ruling on a motion to dismiss, the court looks to the record of the underlying proceedings, including affidavits and evidence presented in such proceedings, as well as other matters of public record. See Cullen v. Pinholster, 563 U.S. 170, 180–81 (2011); Walker, 589 F.3d at 139.

B. Analysis

1. Motion to Appoint Counsel

First, the court considers petitioner's motion to appoint counsel. There is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims do not raise issues of legal complexity and petitioner has demonstrated through his filings that he is capable of proceeding pro se. Thus, the interests of justice do not mandate appointment of counsel and petitioner's renewed motion to appoint counsel is denied.

2. Motion to Dismiss

Next, the court turns to respondent's motion to dismiss. Section 2241 provides "broad authority" for districts courts to entertain petitions for writs of habeas corpus "within their respective jurisdictions." Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010). The writ "may be granted" if the court finds the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). The Adam Walsh Act "expressly preserves the right to habeas corpus." Timms, 627 F.3d at 526; 18 U.S.C. § 4247(g). That the court "may" grant habeas corpus relief, however, does not mean that the court should exercise that power. Munaf v. Geren, 553 U.S. 674, 693 (2008); Timms, 627 F.3d at 530. "The principle that a habeas court is not bound in every case to issue the writ follows from the precatory language of the habeas statute, and from its common-law origins." Munaf, 553 U.S. at 693.

Respondent argues petitioner's claim for ineffective assistance of counsel is not cognizable under § 2241. Alternatively, respondent contends that petitioner's claim should be dismissed for failure to exhaust alternative remedies. Each argument is addressed in turn.

First, respondent argues petitioner's claim is not cognizable under § 2241 because claims for ineffective assistance of counsel "must proceed under 28 U.S.C. § 2255." (Resp's Mem. Supp. (DE 11) at 4). For support, respondent cites an unpublished Fourth Circuit opinion in which a prisoner's § 2241 petition claiming ineffective assistance of counsel was dismissed because the prisoner was "challenging the legality of his detention, rather than the execution of his sentence," and so, he was required to "proceed under 28 U.S.C. § 2255." Herrera-Umanzor v. Smith, 671 F. App'x 121, 121 (4th Cir. 2016).

Respondent's argument fails to acknowledge that § 2255 provides a habeas remedy for "[a] prisoner in custody under sentence of a court established by Act of Congress" seeking "the right to be released." See 28 U.S.C. § 2255(a). To that end, Herera-Umanzor, and other authorities cited by respondent, involve prisoners challenging their convictions. See Herrera-Umanzor, 671 F. App'x at 121; see also Tovar-Flores v. Saad, No. 2:15-CV-100, 2016 WL 3080710, at *1 (N.D.W.V. May 10, 2016). Petitioner is not an incarcerated inmate but a civil detainee under the Adam Walsh Act. In this context, the Fourth Circuit routinely examines challenges to a petitioner's civil commitment under § 2241. See Timms, 627 F.3d at 530; Matherly v. Andrews, 817 F.3d 115, 116-17 (4th Cir. 2016). Respondent cites no authority to suggest a civilly committed person must seek habeas review under § 2255, and the plain language of that habeas provision precludes the same. See 18 U.S.C. § 2255(a). This argument lacks merit.

Next, respondent contends petitioner's claim should be rejected for failure to exhaust alternative remedies. "As a general rule, in the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief." Timms, 627 F.3d at 530–31 (cleaned up). In Timms, the Fourth Circuit expressly held that exhaustion applies to § 4248 civil detainees notwithstanding the Adam Walsh Act's preservation of the right to habeas review. Id. As a result, a civil detainee under § 4248 must "exhaust[] his alternative remedies in the Commitment Action before availing himself of habeas review under § 2241." Id. at 530. In other words, "the proper procedure is for [the detainee] to challenge his [commitment] and detention under § 4248 in the Commitment Action and to pursue the normal avenues of appellate review if he is aggrieved thereby." Id. at 533. This is especially relevant here, where petitioner

has filed motion for review of his civil commitment under 18 U.S.C. § 4247(h), and hearing on the same is scheduled for October 27, 2026.

Petitioner acknowledges his failure to timely appeal the court's order for his civil commitment under 18 U.S.C. § 4248(d). Additionally, petitioner's review hearing is set to conclude in less than a month. Even so, because petitioner's ineffective assistance of counsel claim stems from counsel's purported failure to appeal the commitment court's September 16, 2022, commitment order, the court will address his claim on the merits.

At the outset, petitioner has not shown that he is constitutionally entitled to effective assistance of counsel under the Adam Walsh Act. Under the Act, "the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him." 18 U.S.C. § 4247(d). But this statutory entitlement to counsel does not equate to the Sixth Amendment's right to effective assistance of counsel. See United States v. Blackledge, 751 F.3d 188, 197-98 (4th Cir. 2014). Rather, "[a] commitment hearing is a civil matter." United States v. Baker, 45 F.3d 837, 842 (4th Cir. 1995). "Thus, the constitutional rights to which a defendant in a criminal trial is entitled do not adhere to a respondent in a civil commitment hearing." Id. at 842-43.

The remedy for purportedly deficient civil representation is a professional negligence suit arising under state law—not a federal habeas suit. See Custer v. Sweeney, 89 F.3d 1156, 1167 (4th Cir. 1996) ("[T]he law governing legal malpractice represents a traditional exercise of state authority."); see also Gunn v. Minton, 568 U.S. 251, 264 (2013) (recognizing states' "special responsibility for maintaining standards among members of the licensed professions" and declining to create federal cause of action for purported malpractice arising from application of

federal law in civil context). North Carolina law provides such a civil remedy. See Rorrer v. Cooke, 313 N.C. 338, 355 (1985) (laying out claim for professional malpractice based on attorney's purported negligence). Because petitioner had no constitutional entitlement to effective assistance of counsel in these civil proceedings, these allegations cannot sustain his habeas suit.

But even assuming petitioner has a due process right to effective assistance of counsel in this context, he has not shown that his counsel's representation was deficient. Here, petitioner argues ineffective assistance of counsel based on counsel's failure to file notice of appeal following petitioner's civil commitment under the Adam Walsh Act. According to petitioner, counsel's failure to file notice of appeal is presumptively prejudicial. However, this presumption only applies in the Sixth Amendment context, and petitioner has identified no case extending this presumption to civil detention of sexually dangerous persons. See Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000).

Applying the more general pattern established in Strickland, a petitioner claiming ineffective assistance of counsel must satisfy a two-pronged test. See Strickland, 466 U.S. at 687. Under the first prong, a petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The court is "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The second prong requires a petitioner to prove that he was prejudiced by the ineffective assistance by showing "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Here, petitioner would meet the criteria for civil commitment under the guidance of any counsel. To satisfy criteria for civil commitment under the Adam Walsh Act, the government must show by clear and convincing evidence that an individual: 1) has previously "engaged or attempted to engage in sexually violent conduct or child molestation"; 2) currently "suffers from a serious mental illness, abnormality, or disorder"; and 3) "as a result of" such condition, "would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. §§ 4247(a)(5)-(6), 4248(d); see also United States v. Comstock, 560 U.S. 126, 130 (2010).

Petitioner's prior convictions conclusively established that he has engaged or attempted to engage in sexually violent conduct or child molestation. Commitment Order, DE 56, Felts, No. 5:21-HC-2111-FL, at 17 (E.D.N.C. Sept. 16, 2022). Petitioner conceded the same at his commitment hearing. Id. As to the second and third prongs, three expert forensic psychologists evaluated petitioner and his history. All three experts, including petitioner's expert witness, unanimously concluded that he suffers from pedophilic disorder. Id. Petitioner also admitted "to molesting seven different victims as young as ten years old," and that he has "a current attraction to prepubescent children." Id. at 18. Likewise, "[a]ll three experts found respondent would have serious difficulty refraining from child molestation if released." Id. at 20.

Given the overwhelming evidence favoring petitioner's civil commitment under the Adam Walsh Act, he cannot show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See Strickland, 466 U.S. at 694. In

sum, even assuming petitioner is entitled to effective assistance of counsel in the context of these civil proceedings, he has not raised sufficient factual allegations to show a plausible entitlement to habeas relief under § 2241. Nemet Chevrolet, Ltd., 591 F.3d at 255.

**CONCLUSION**

Based on the foregoing, respondent's motion to dismiss (DE 10) is GRANTED. Petitioner's renewed motion to appoint counsel (DE 21) and self-styled "motion to grant the writ of habeas corpus" (DE 19) are DENIED. The petition is DISMISSED with prejudice, and a certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge